SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHENG LIU, | No. C 07-4053 CW |
|     Plaintiff | |
|     v. | |
| PETER D. KEISLER,* Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the U.S. Department of Homeland Security; EMILIO T. GONZALES, Director of U.S. Citizenship and Immigration Services; ROSEMARY MELVILLE, San Francisco District Director; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation, | ANSWER TO COMPLAINT |
|     Defendants. | |

       The Defendants hereby submit their answer to Plaintiff's Complaint for Writ in the Nature of Mandamus and Declaratory Judgment under 28 U.S.C. § 1361.

       1. Paragraph One consists of Plaintiff's allegation regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny that they have improperly withheld action on Plaintiff's application to his detriment.

*Pursuant to Fed. R. Civ. P. 25(d)(1), Peter D. Keisler is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

ANSWER
C 07-4053 CW

## PARTIES

2. Defendants admit the allegations in Paragraph Two.

3. Defendants deny the allegations in Paragraph Three.

4. Defendants admit the allegations in Paragraph Four.

5. Defendants admit the allegations in Paragraph Five.

6. Defendants admit the allegations in Paragraph Six.

## JURISDICTION

7. Paragraph Seven consists of Plaintiff's allegation regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph Seven.

## VENUE

8. Paragraph Eight consists of Plaintiff's allegations regarding venue, to which no responsive pleading is required. Defendants aver that unless specifically provided by law, aliens have no residence in the United States for venue purposes.

## INTRADISTRICT ASSIGNMENT

9. Defendants admit the allegations in Paragraph Nine.

## EXHAUSTION OF REMEDIES

10. Defendants deny the allegations in Paragraph Ten.

## CAUSE OF ACTION

11. Defendants admit the allegations in Paragraph Eleven.

12. Defendants admit the allegations in Paragraph Twelve.

13. Defendants are without sufficient information to admit or deny the allegations in Paragraph Thirteen, and on that basis, deny them.

14. Defendants are without sufficient information to admit or deny the allegations in Paragraph Fourteen, and on that basis, deny them.

15. Defendants are without sufficient information to admit or deny the allegations in Paragraph Fifteen, and on that basis, deny them.

16. Defendants are without sufficient information to admit or deny the allegations in Paragraph Sixteen, and on that basis, deny them.

17. Defendants are without sufficient information to admit or deny the allegations in Paragraph Seventeen, and on that basis, deny them.

18. Defendants are without sufficient information to admit or deny the allegations in Paragraph Eighteen, and on that basis, deny them.

19. Defendants admit the allegations in Paragraph Nineteen.

20. Defendants are without sufficient information to admit or deny the allegations in Paragraph Twenty, and on that basis, deny them.

21. Defendants are without sufficient information to admit or deny the allegations in Paragraph Twenty-One, and on that basis, deny them.

22. Defendants admit the allegations in Paragraph Twenty-Two.

23. The allegations contained in Paragraph Twenty-Three consists of Plaintiff's characterizations of this action for which no answer is necessary.

24. Defendants deny the allegations in Paragraph Twenty-Four.

25. Defendants deny the allegations in Paragraph Twenty-Five.

26. Defendants deny the allegations in Paragraph Twenty-Six. Plaintiff's name check was submitted to the FBI on or about August 8, 2005 and June 24, 2006.

27. Defendants are without sufficient information to admit or deny the allegations in Paragraph Twenty-Seven, and on that basis, deny them.

28. The allegations contained in Paragraph Twenty-Eight consists of Plaintiff's characterizations of this action for which no answer is necessary.

29. The allegations contained in Paragraph Twenty-Nine consists of Plaintiff's conclusions of law for which no answer is necessary.

30. The allegations contained in Paragraph Thirty consists of Plaintiff's conclusions of law for which no answer is necessary.

**PRAYER FOR RELIEF**

31. Paragraph Thirty-One consists of Plaintiff's prayer for relief, to which no admission or

denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny these paragraphs.

## AFFIRMATIVE AND/OR OTHER DEFENSES

All allegations not here before specifically admitted, denied, or modified are hereby denied. For further and separate answer, Defendants allege as follows:

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action

### SECOND DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### THIRD DEFENSE

No acts or omissions by the United Stats or its employees were the proximate cause of any injury or damages to the Plaintiff.

### FOURTH DEFENSE

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

### FIFTH DEFENSE

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Complaint with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: October 9, 2007                                  Respectfully submitted,

                                                        SCOTT N. SCHOOLS
                                                        United States Attorney

                                                         /s/
                                                        MELANIE L. PROCTOR
                                                        Assistant United States Attorney
                                                        Attorneys for Defendants

ANSWER
C 07-4053 CW                          4